David Ali Chami (SBN 027585)
**PRICE LAW GROUP, APC**
1204 E. Baseline Road, Suite 102
Tempe, AZ 85283
T: (818) 907-2030
Fax: (818) 205-2730
David@pricelawgroup.com

Attorneys for Plaintiff,
ROSALIA ANDRADA

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| ROSALIA ANDRADA, <br><br> Plaintiff, <br><br> vs. <br><br> GRANT & WEBER; and DOES 1 to 10, inclusive, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** <br><br> **(Unlawful Debt Collection Practices)** <br><br> **Demand Does Not Exceed $10,000** |

## COMPLAINT

## INTRODUCTION

1. This is an action for actual and statutory damages brought by plaintiff ROSALIA ANDRADA, an individual consumer, against defendant GRANT & WEBER (hereinafter referred to as "GRANT & WEBER" or "Defendant") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## VENUE AND JURISDICTION

2. Jurisdiction of this court arises under 28 U.S.C. § 1331 and § 1337. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## PARTIES

3. Plaintiff ROSALIA ANDRADA is a natural consumer allegedly obligated to pay any debt, residing in Yuma, Yuma County, Arizona 85364.

4. Defendant GRANT & WEBER is a California corporation engaged in the business of collecting debt in this state, and maintains its corporate office at 26575 W. Agoura Road, Calabasas, California 91302. The principal purpose of Defendant is the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and the Cal. Civ. Code § 1788.2.

\\\

\\\

\\\

\\\

## FACTS

6. Upon information and belief, within one year prior to the filing of this complaint, Defendant placed collection calls to Plaintiff, seeking and demanding payment for an alleged consumer debt owed under an account number.

7. Defendant constantly and continuously calls Plaintiff on Plaintiff's home telephone number from telephone number 888-366-3708 to annoy her and with such frequency as to be unreasonable and to constitute harassment.

8. Defendant constantly and continuously calls Plaintiffs notwithstanding the fact that Plaintiffs filed for bankruptcy in the United States Bankruptcy Court for the District of Arizona, case number 1:13-bk-21486 on December 17, 2013.

9. Defendant continues to attempt to collect a debt from Plaintiff notwithstanding the fact that Defendants received written cease and desist correspondence from Plaintiffs' counsel dated December 31, 2013, which contained Plaintiffs' bankruptcy case number and directions to contact only Plaintiffs' legal counsel.

10. Defendant continues to attempt to collect a debt from Plaintiff notwithstanding the fact that Defendant is prohibited from contacting Plaintiff pursuant to the District Court' automatic stay provision.

11.     Defendant's constant and continuous calls have caused Plaintiff to suffer emotional distress, stress, humiliation, and anxiety, among other negative emotions which exacerbate her current ailing state.

12.     The natural consequences of Defendant's statements and actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

## COUNT I – FDCPA

13.     Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

14.     Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

    i)   15 U.S.C. §1692c(a)(2);

    ii)  15 U.S.C. §1692d(5);

    iii) 15 U.S.C. §1692e(2)(A);

    iv)  15 U.S.C. §1692e(10);

    v)   15 U.S.C. §1692e(11).

15.     Section 1692c(a)(2) states in pertinent part that:

**(a) COMMUNICATION WITH THE CONSUMER GENERALLY. Without the prior consent of the consumer given directly to the debt collector or the express permission of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—**

. . .

(2) If the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.

16.  Section 1692d(5) states in pertinent part that:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
…
(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

17.  Sections 1692 e(10) and e(11) state in pertinent part that:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
…
(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

## PRAYER FOR RELIEF

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendant for:

(1) Statutory and actual damages;

(2) Attorney's fees, litigation expenses and costs of suit;

(3) Such other and further relief as the Court deems proper.

RESPECTFULLY SUBMITTED,

DATED: January 13, 2014     **PRICE LAW GROUP APC**

By: /s/ David Ali Chami
David Ali Chami
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ROSALIE ANDRADA, demands trial by jury in this action.